# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE GALLEGOS AND ADRIANA ALVAREZ,<br><br>                Plaintiffs,<br>   vs.<br>RECONTRUST COMPANY; COUNTRYWIDE HOME LOANS, INC.; and DOES 1-50, inclusive,<br><br>                Defendants. | CASE NO. 08cv2245 WQH (LSP)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Complaint or, in the Alternative, for a More Definite Statement (Doc. #4).

## Background

On November 4, 2008, Plaintiffs initiated this action by filing a Complaint in the Superior Court of California, County of San Diego. *Not. of Removal*, p. 2. On December 8, 2008, Defendants Recontrust Company ("Recontrust") and Countrywide Home Loans, Inc. ("Countrywide") removed the Complaint to this Court (Doc. #1). The Complaint alleges that Plaintiffs own real property in Oceanside, CA (the "Property"). The Complaint alleges that Plaintiffs have a residential loan for the Property secured by a Deed of Trust. The Complaint alleges that Recontrust is the appointed trustee to the Deed of Trust. The Complaint alleges that Defendants Countrywide and Does 1-50 "are proceeding toward a Trustee's sale of" the Property. The Complaint alleges that Countrywide is not the "holder of the note identified in

the [Deed of Trust]." *Complaint*, ¶ 7. The Complaint alleges:

> Country has no present right to initiate foreclosure under the [Deed of Trust] identified in the Notice of Sale . . . , nor does it have the right to direct the Recontrust Company to foreclose and sell the subject real property owned by Plaintiffs. Defendant Recontrust Company has been put on notice of Plaintiffs' claim in this regard, and demand has been made of Recontrust Company to suspend any foreclosure sale unless and until it has obtained proof that Countrywide actually has in its possession the original note properly endorsed to it or assigned to it as of a date preceding the notice of default recorded by Recontrust Company. Defendant Recontrust Company has failed and refused to suspend the sale of the property or to provide proof of the basis of the right of Countrywide to initiate foreclosure under the [Deed of Trust].

*Id.,* ¶ 8. The Complaint alleges that Plaintiffs demanded written proof of Defendants' right to proceed in foreclosure, and that no such proof has been offered. The Complaint alleges that Defendants have "engaged in a pattern and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do not, in fact, have the right to do so," and have used the United States mail in furtherance of their conspiracy. *Id.,* ¶¶ 9, 13. The Complaint alleges that in pursuing non-judicial foreclosure, Defendants falsely represented that they had a right to payment under Plaintiffs' residential loan, which was secured by the Deed of Trust.

The Complaint alleges causes of action for "Unfair Debt Collection Practices;" "Predatory Lending Practices;" and "RICO." *Complaint,* p. 4-6. In support of the cause of action for Unfair Debt Collection Practices, the Complaint alleges that Defendants "have acted as a debt collector," and "have violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code § 1788(e) and (f)," ("RFDCPA"), "the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchap. V, §§ 1692, *et seq.*" ("FDCPA"), "and the Real Estate Settlement Procedures Act . . . , 12 U.S.C. §§ 2601-2617" ("RESPA"). *Id.,* ¶¶ 19-21. In support of the cause of action for Predatory Lending Practices, the Complaint alleges that "[a]ssuming arguendo that Defendant, Countrywide does have the right . . . to initiate foreclosure . . . then Defendant, Countrywide is subject to defenses that would have been available against Countrywide the initial Lender identified in the" Deed of Trust. *Id.,* ¶ 23. The Complaint alleges that Countrywide "has engaged in predatory lending practices with respect to Plaintiffs . . . the specifics of which are

- 2 -                                                                                                                         08cv2245 WQH ( LSP)

1  unknown," in violation of the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1637
2  ("HOEPA"), the Truth in Lending, 15 U.S.C. § 1601 ("TILA"), Regulation Z, 12 C.F.R. 226,
3  and the Federal Trade Commission Act, 15 U.S.C. §§ 41-58 ("FTC Act"). *Id.,* ¶ 24. In support
4  of the cause of action for RICO, the Complaint alleges that "Defendants and each of them were
5  participating in and have participated in a scheme of racketeering as that term is defined in the
6  Federal Racketeer Influenced and Corrupt Organizations ("RICO"), 18 U.S.C. §§ 1961, *et*
7  *seq.*" *Id.,* ¶ 27.

8  On December 11, 2008, Recontrust and Countrywide filed the Motion to Dismiss for
9  failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
10 Plaintiffs have not filed an opposition to the Motion to Dismiss.

**Standard of Review**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *See id.* (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

**Analysis**

A.  Defendants' Right to Initiate the Foreclosure Process

Defendants contend that "ReconTrust has the statutory right, as trustee under Plaintiffs' Deed of Trust, to initiate the foreclosure process on behalf of their lender and the owners of the note." *Mot. to Dismiss,* p. 6. Defendants contend that California law does not require production of the original note to proceed with a non-judicial foreclosure. Defendants

1  therefore contend that "Plaintiffs' allegation that Defendants have no right to foreclose on their
2  property is incorrect." *Id.*

3  Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of
4  Trust has the right to initiate the foreclosure process. Cal. Civ. Code § 2924(a). Production
5  of the original note is not required to proceed with a non-judicial foreclosure. *Id.* Viewing the
6  allegations in the light most favorable to Plaintiffs, the Complaint does not establish that
7  Defendants lack the right to initiate the foreclosure process.

8  B.  <u>Cause of Action for Unfair Debt Collection Practices</u>

9  Defendants contend that the Complaint fails to state a claim under the RFDCPA or the
10 FDCPA because the Complaint does not allege that Defendants engaged in any harassment or
11 abuse; that the Defendants used false or misleading representations; or that Defendants
12 engaged in any unfair practices. Recontrust contends that the Complaint fails to state a claim
13 under the RESPA because "Plaintiffs do not allege any improper kickbacks in violation of 12
14 U.S.C. § 2607," and "[t]o the extent that Plaintiffs claim disclosure-related violations, the
15 claims must be dismissed because there is no private right of action under the disclosure rules
16 of RESPA." *Mot. to Dismiss,* p. 7.

17 To be liable for a violation of the FDCPA or the RFDCPA, the defendant must - as a
18 threshold requirement - be a "debt collector" within the meaning of the Acts. *Heintz v.*
19 *Jenkins,* 514 U.S. 291, 294 (1995); Cal. Civ. Code § 1788.2(c). The "activity of foreclosing
20 on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of
21 the" FDCPA. *Hulse v. Ocwen Fed. Bank, FSB,* 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)
22 (holding that the plaintiff improperly brought a claim challenging the lawfulness of foreclosure
23 proceedings pursuant to a deed of trust under the FDCPA).   This action challenges the
24 lawfulness of foreclosure proceedings on the Property pursuant to the Deed of Trust, which
25 is not the collection of a debt within the meaning of the RFDCPA or the FDCPA.
26 Furthermore, aside from the conclusory allegation that "Defendants and each of them . . . have
27 acted as a debt collector," *Complaint,* ¶ 20, the Court finds that the Complaint does not allege
28 facts to support the allegation that Defendants are debt collectors within the meaning of the

RFDCPA or the FDCPA.

The Complaint does not identify the provisions of the RESPA that Defendants violated. The Complaint does not allege improper kickbacks in violation of 12 U.S.C. 2607, or that Recontrust was a "loan servicer" as required for a violation of 12 U.S.C. section 2605. To the extent the Plaintiffs are attempting to assert disclosure-related violations, there is no private right of action under the disclosure rules of the RESPA. *Bloom v. Martin,* 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994). The Court concludes that the Complaint fails to state a claim under the RESPA.

C.     Cause of Action for Predatory Lending Practices

Defendants contend that the Complaint fails to state an actionable wrongdoing under the HOEPA, TILA, Regulation Z or the FTC Act because Plaintiffs have not adequately alleged that Defendants engaged in any deceptive practices.

In support of the cause of action for Predatory Lending Practices, the Complaint alleges that Countrywide "has engaged in predatory lending practices" in violation of the HOEPA, TILE, Regulation Z and the FTC Act, "the specifics of which are unknown." *Complaint,* ¶ 24. The Complaint alleges that Countrywide committed unspecified acts which violated unspecified provisions of federal law. These "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of America v. Metro Water Dist.,* 159 F.3d 1178, 1181 (1998). The Court concludes that the Complaint fails to state a claim for predatory lending practices because the Complaint's allegations are speculative.

D.     Cause of Action for RICO

Defendants contend that the cause of action for RICO fails because "Plaintiffs' Complaint does not contain the required allegations." *Mot. to Dismiss,* p. 8. Defendants contend that the Complaint does not allege that Plaintiffs' loan constitutes an "unlawful debt;" or that Defendants engaged in "any indictable acts punishable by a year or more in prison, let alone the two or more criminal acts required to show a 'pattern of racketeering activity' under 18 U.S.C. §§ 1961(5) and 1962." *Id.,* p. 8.

To state a RICO claim, the plaintiff must allege the existence of an "enterprise" and the connected "pattern of racketeering activity." 18 U.S.C. § 1962; *United States v. Turkette,* 452 U.S. 576, 582 (1981). "The Ninth Circuit has held that allegations of predicate acts under RICO must comply with Rule 9(b)'s specificity requirements." *U.S. Concord, Inc. v. Harris Graphics Corp.,* 757 F. Supp. 1053, 1061 (N.D. Cal. 1991) (citing *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1400-01) (9th Cir. 1986). A RICO plaintiff must allege the time, place and manner of each act of fraud, and the role of each defendant in the fraud. *Lancaster Community Hospital v. Antelope Valley Hospital Dist.,* 940 F.2d 397, 405 (9th Cir. 1991). Aside from the conclusory allegation that "Defendants and each of them were participating in and have participated in a scheme of racketeering as that term is defined in [RICO] 18 U.S.C. §§ 1961, *et seq,*" Plaintiffs fail to allege with any specificity the existence of a RICO enterprise, or the conduct of a pattern of racketeering. The Court concludes that the Complaint fails to state a claim under RICO.

## Conclusion

The Motion to Dismiss (Doc. # 4) is **GRANTED**. The above-captioned action is **DISMISSED**.

DATED: January 29, 2009

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge